Citation Nr: 1438740 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 01-04 245 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUE

Entitlement to service connection for headaches, to include as due to exposure to Agent Orange.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

W. R. Stephens, Associate Counsel


INTRODUCTION

The Veteran served on active duty from December 1968 to April 1978, including service in the Republic of Vietnam for which he was awarded the Combat Infantryman Badge, among other decorations and awards.

This matter is before the Board of Veterans' Appeals (Board) on appeal from rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Indianapolis, Indiana.

This matter has an extensive procedural history, including past Board remands in March 2003, December 2003, April 2007, May 2009, and October 2011. The Board denied this claim in a November 2012 decision. The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court), which resulted in a March 2014 Memorandum Decision remanding the matter back to the Board for reconsideration.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Pursuant to the Court's March 2014 Memorandum Decision, the Board finds that remand of this matter is necessary. As discussed by the Court, service treatment records indicate that the Veteran suffered from headaches while in service and suffered from a right eye injury, the result of an in-service fight. As such, there is evidence of in-service treatment for headaches and a potential head injury. The December 2011 VA examiner appeared to have based her opinion on the premise that there was no in-service documentation of headaches or a potential head injury. As a result, the Board finds that a new opinion, or examination if deemed necessary, is required to determine the etiology of the Veteran's headaches.

Accordingly, the case is REMANDED for the following action:

1. Send notice to the Veteran requesting that he identify any other relevant treatment that he has received or is receiving for headaches and request that he forward any additional records to VA to associate with the claims file or provide VA with authorization to obtain such records.

If the Veteran is receiving regular VA treatment, obtain the updated medical records and associate them with the claims file. 

2. Return the claims file to an examiner of appropriate expertise in order to determine the nature and etiology of the Veteran's headaches. It is up to the discretion of the examiner if a new examination is necessary. If an examination is necessary, the appropriate diagnostic tests, if any, should be conducted. The claims file must be available for review and the examiner should state that it has been reviewed.

In the opinion offered by the examiner, the examiner should discuss the findings of the Veteran's previous VA examinations and address the in-service record of headaches and the potential head injury as documented by the Veteran's right eye injury in July 1975. The examiner should also address the Veteran's lay statements.

As to the Veteran's headaches, the examiner should:

a) Provide an opinion as to whether it is at least as likely as not associated with his military service, to include any treatment received therein. 

b) Provide an opinion as to whether it is at least as likely as not (i.e. probability of 50 percent or greater) that the Veteran's headaches were caused by the Veteran's in-service herbicide exposure. 

It would be helpful if the examiner would use the following language, as may be appropriate: "more likely than not" (meaning likelihood greater than 50%), "at least as likely as not" (meaning likelihood of at least 50%), or "less likely than not" or "unlikely" (meaning that there is a less than 50% likelihood).

The term "at least as likely as not" does not mean "within the realm of medical possibility." Rather, it means that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of that conclusion as it is to find against it. The examiner should provide a complete rationale for any opinion provided. In doing so, the examiner should specifically address the Veteran's lay assertions, both in the claims file and those reported upon examination.

If the examiner is unable to reach an opinion without resort to speculation, he or she should explain the reasons for this inability and comment on whether any further tests, evidence or information would be useful in rendering an opinion.

3. After the requested records review and opinion are completed, the report should be reviewed to ensure complete compliance with the directives of this remand. If the report is deficient in any manner, it should be returned to the reviewing personnel. See Stegall v. West, 11 Vet. App. 268 (1998).

4. After undertaking any other development deemed appropriate, the RO will re-adjudicate the issue on appeal. If any benefit sought is not granted, the Veteran and his representative should be furnished with a supplemental statement of the case and afforded an opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).